IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3209-D

WILLIS BENNETT, )
)
        Plaintiff, )
)
v. ) **ORDER**
)
)
MR. WILLIS, et al., )
)
        Defendants. )

On November 24, 2010, Willis Bennett ("Bennett" or "plaintiff"), a federal inmate appearing pro se, filed this complaint seeking relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. Bennett seeks leave to proceed in forma pauperis [D.E. 2]. Bennett names sixteen defendants. On November 30, 2010, Magistrate Judge Webb found that Bennett's complaint and application to proceed in forma pauperis did not substantially follow the forms prescribed by Local Civil Rule 81.1, EDNC, and that Bennett had not provided sufficient copies[1] of his complaint in order to permit service of process [D.E. 3]. Judge Webb directed Bennett to correct the deficiencies within thirty days, and warned Bennett that "[f]ailure to do so may result in the dismissal of this action." Id. On December 13, 2010, Bennett

---

[1] This district requires that "federal prisoners challenging conditions of confinement . . . [shall file a]n original and one copy of the complaint for the court and one copy of the complaint for each defendant named in the action." Local Civil Rule 81.1, EDNC. A plaintiff seeking to serve an officer or employee of the United States in his individual capacity must serve the United States as well as the individual. Fed. R. Civ. P. 4(i)(3). In order to serve the United States, a copy of the complaint must be sent to "the United States attorney for the district where the action is brought" as well as "to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1). Thus, Bennett must comply with this court's local rule and Magistrate Judge Webb's order of deficiency, and submit a sufficient number of copies of the amended complaint for service.

filed motions for appointment of counsel [D.E. 5] and for summons to be served [D.E. 6]. On February 2, 2011, Magistrate Judge Webb granted Bennett a second extension of time until March 7, 2011 to file his complaint and the appropriate number of copies [D.E. 11]. Bennett has failed to comply with Judge Webb's orders. He has not filed his complaint or in forma pauperis application on the prescribed forms, nor has he submitted a sufficient number of copies of his complaint for service.

As for Bennett's motion for appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Bennett's abilities do not present exceptional circumstances. Accordingly, the court denies Bennett's motion for appointment of counsel.

As for Bennett's motion for issuance of summons, the court denies the motion as premature. Once Bennett submits a corrected complaint and in forma pauperis application, along with a sufficient number of copies of his complaint for service, the court will conduct a frivolity review pursuant to 28 U.S.C. § 1915A, and, as appropriate, will issue summons for service pursuant to 28 U.S.C. § 1915(d).

In sum, the court DENIES Bennett's motions for appointment of counsel [D.E. 5] and for summons to be served [D.E. 6]. The clerk is DIRECTED to send a second set of forms to Bennett. Bennett shall comply with the prior orders in their entirety and file a corrected complaint and in forma pauperis application, along with the required copies of the complaint, with the clerk not later

2

than June 26, 2011. Bennett is hereby WARNED that his failure to comply with this order will result in the dismissal of this action without prejudice.

SO ORDERED. This 6 day of June 2011.

*James Dever*
JAMES C. DEVER III
United States District Judge